WELCH, J.,
Dissenting.
hi respectfully disagree with the majority opinion in this case and would affirm the judgment of the trial court. Essentially, the majority concludes that the residence agreement is not enforceable because it is a matrimonial agreement that sought to modify the parties’ existing contractual separate property regime, and pursuant to La. C.C. art. 2329, required a finding by the court that the modification served their best interest and that the parties understood the governing principles and rules. I believe the majority’s decision in this regard is legally incorrect.
Louisiana Civil Code article 2329 provides in pertinent part as follows:
Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interest and that they understand the governing principles and rules. They may, however, subject themselves to the legal regime by a matrimonial agreement at any time without court approval.
In order to conclude, as the majority has done, that court approval of the residence agreement was necessary, the residence agreement must be classified, under La. C.C. art. 2329, as “a matrimonial agreement that modifies or terminates a matrimonial regime.” A matrimonial regime is defined in La. C.C. art. 2325 as a 12“system of principles and rules governing the ownership and management of property of married persons.” The reference to “system” contemplates a “methodic arrangement of rules rather than an isolated or single transaction.” Spaht and Hargrove, Matnmmial Regimes, § 8.6 at 788, 16 Louisiana Civil Law Treatise (2007). Thus, a matrimonial agreement requiring judicial approval “is the kind of agreement that affects the classification and management of future acquisitions.” Id.
In this case, the residence agreement provided as follows:
[i]t has been the intention and wish of each appearer that though separate in property per [mjarriage [cjontract dated December 15, 1977, the residence be treated as community, and that in the event of the death of either party, that individual 50% interest in the residence and all furnishings is to be inherited by that individuals’ children.
Therefore, the effect of the residence agreement was limited to a single asset, which was already owned by Dr. Faget, and thus was an isolated transaction. It did not establish any rules regarding the classification and management of any future assets. Accordingly, I do not believe that the residence agreement was a matrimonial agreement that modified the parties’ matrimonial regime.
Furthermore, even if the residence agreement could be construed as a matrimonial agreement, La. C.C. art. 2329 provides that spouses may “subject themselves to the legal regime at anytime without court approval.” If spouses may subject themselves to the legal regime, in its entirety, at any time without court approval, then logically, it follows that they may subject a specific asset to the legal regime without court approval, i.e. the greater includes the lesser.
Lastly, at the very least, I believe that the residence agreement meets the definition of a donation by one spouse under La. C.C. art. 2343.1. The majority reasons that the residence agreement cannot be a donation to the community under La. C.C. art. 2343.1 as a community property re *803 gime must already exist in order | ;ifor that article to apply. However, I do not see any such requirement under the specific terms of that article. All the article requires is that the thing to be transferred form part of the spouse’s separate property and, and if the transfer is by onerous title, it must be in writing, and if the transfer is by gratuitous title, it must be made by authentic act. There is no dispute that prior to the execution of the residence agreement, the residence was Dr. Faget’s separate property. The residence agreement clearly demonstrated Dr. Faget’s intent that his separate residence be treated thenceforth as a community asset and the residence agreement was made an authentic act. Thus, the residence agreement meets the requirements of La. C.C. art. 2343.1.
Thus, I respectfully dissent.